Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELANE WOODWORTH, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| MEDICAL DATA SYSTEMS, INC.; FIDELITY CREDIT SERVICES; PLUS FOUR, INC.; and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff HELANE WOODWORTH is a natural person residing in the State of California, County of Los Angeles.

4. Defendant MEDICAL DATA SYSTEMS, INC. ("MDS") at all times relevant was a company in the business of collecting debts in Los Angeles County, California operating from an address at 2001 9th Avenue, Suite 312, Vero Beach, FL 32960.

5. Defendant FIDELITY CREDITOR SERVICE ("FCS") at all times relevant was a company in the business of collecting debts in Los Angeles County, California operating from an address at 441 N. Varney Street, Burbank, CA 91502.

6. Defendant PLUS FOUR, INC. ("PFI") at all times relevant was a company in the business of collecting debts in Los Angeles County, California operating from an address at 2450 St. Rose Parkway, Suite 200, Henderson, NV 89074.

7. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in

all subsequent proceedings, and that this action may proceed against them under their true names.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

### *Medical Data Systems, Inc.*

12. MDS sought to collect two accounts from Plaintiff for a total of $7,317.

13. Plaintiff sent MDS a cease and desist letter.

14. MDS ignored the cease and desist letter and continued to contact Plaintiff directly.

15. Plaintiff disputed owing the balance on the account to MDS.

16. MDS continued to report the accounts to Plaintiff's credit reports and failed to notate the account was disputed on the credit reports.

17. As a result of the acts of MDS Plaintiff suffered physical and emotional distress and damage to her credit worthiness.

### *Fidelity Creditor Service*

18. FCS sought to collect an alleged balance for an ambulance ride from Plaintiff.

19. As of July 10, 2019 the account had an alleged balance with the original creditor of $714.27.

20. On July 16, 2019 FCS wrongfully added $182.97 in interest.

21. FCS called Plaintiff and stated she was going to be charged interest every day she did not pay the debt.

//

22. Plaintiff disputed the debt by stating it should have been covered by Medi-Cal.

23. FCS wrongfully stated that the statute of limitations for Medi-Cal is one year and therefore she is now legally obligated.

24. As a result of the acts of FCS Plaintiff suffered physical and emotional distress.

### *Plus Four, Inc.*

25. PFI sought to collect from Plaintiff an alleged balance on medical services incurred with Desert Radiology.

26. Plaintiff had never received medical care from Desert Radiology.

27. Plaintiff contacted Desert Radiology and confirmed that there were no records associated with her.

28. Plaintiff disputed the account with PFI and requested validation.

29. PFI did not provide validation of the account.

30. PFI reported the account to Plaintiff's credit report.

31. As a result of the acts of FCS Plaintiff suffered physical and emotional distress and damage to her credit worthiness.

### V.  FIRST CLAIM FOR RELIEF
### (Against all Defendants for Violation of the FDCPA)

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) MDS violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had notified the debt collector in writing that the Plaintiff refuses to pay the debt and/or that the Plaintiff wishes the debt collector to cease further communication;

    (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (c)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount, or legal status of the alleged debt;

    (d)    The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

    (e)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (f)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

    (g)    The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

34. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.   SECOND CLAIM FOR RELIEF

**(Against Defendants MDS and PFI and Does 1-5 for Violation of the CCRAA)**

35. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

36. Defendants violated the CCRAA by furnishing information to a consumer credit reporting agency that it knew or should have known was incomplete or inaccurate.

37. As a result, Defendants are in violation of Civil Code §1785.25(a).

38. As a result of Defendants' actions, Plaintiff is entitled to actual damages, costs, attorneys' fees, and statutory damages pursuant to Civil Code §1785.31.

//
//

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)   Actual damages;

    (b)   Statutory damages;

    (c)   Costs and reasonable attorney's fees; and

    (d)   For such other and further relief as the Court may deem just and proper.

Date:  November 14, 2019

                                             _____s/ Jeremy S. Golden_____
                                             Jeremy S. Golden,
                                             Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date:  November 14, 2019

                                             _____s/ Jeremy S. Golden_____
                                             Jeremy S. Golden,
                                             Attorney for Plaintiff